19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maria Betty ARROYO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-4221.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Maria Betty Arroyo, a Colombian citizen, moves for pauper status and requests the appointment of counsel on appeal from an order of the Board of Immigration Appeals affirming a decision of an Immigration Judge to deny petitioner a waiver of deportation under Sec. 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Arroyo became a lawful permanent resident of this country in 1983 as an adult. In 1991, she entered a guilty plea to a charge of conspiracy to distribute and possess with intent to distribute cocaine and was sentenced to sixty-three months of imprisonment. Deportation proceedings were initiated against her on the basis of her conviction of a controlled substance violation and an aggravated felony. She was found deportable but moved for a waiver of deportation under 8 U.S.C. Sec. 1182(c). After a hearing, the Immigration Judge determined that she had not demonstrated unusual or outstanding equities to warrant the discretionary grant of relief. The Board of Immigration Appeals affirmed this decision for the reasons stated by the Immigration Judge and also noted that Arroyo's attempt to minimize her participation in the underlying criminal conduct showed a lack of rehabilitation.
 
 
 3
 Upon review, we conclude that the Board did not abuse its discretion. See Gonzalez v. I.N.S., 996 F.2d 804, 808 (6th Cir.1993). An alien convicted of a serious drug offense must establish outstanding equities to qualify for a waiver of deportation. See Ayala-Chavez v. United States I.N.S., 944 F.2d 638, 641 (9th Cir.1991). The record in this case shows that the positive and negative factors were properly weighed, see Gonzalez, 996 F.2d at 807, including the hardship which will be suffered by Arroyo's children upon her deportation, in concluding that the equities in her favor were not outstanding. The Board also properly considered her attempt to minimize her participation in the crime of which she was convicted as a negative factor. See Akrap v. I.N.S., 966 F.2d 267, 272 (7th Cir.1992).
 
 
 4
 Accordingly, the motion for pauper status is granted, and the request for counsel is denied. The order of the Board of Immigration Appeals is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.